IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE A. PIERCE,

    Petitioner,                    No. 2:11-cv-1635 KJN P

    vs.

MICHAEL STAINER, Warden,

    Respondent.              ORDER

_____/

I. Introduction

        Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 conviction on charges of receiving stolen property, and the resulting aggregate sentence of five years in state prison. Petitioner claims the trial judge violated petitioner's right to a jury trial by imposing an upper term sentence based on facts not found true by a jury or admitted by petitioner, and alleges that appellate counsel was ineffective for refusing to challenge the alleged sentencing error on appeal. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). After careful review of the record, this court concludes that the petition should be denied.

////

1

II. Procedural History

On May 23, 2008, petitioner was found guilty of receiving stolen property and driving under the influence. (Clerk's Transcript ("CT") 252.) On July 18, 2008, petitioner was sentenced to an aggravated term of three years on charges of receiving stolen property, and an additional two years for two prior prison term special allegations found true. (CT 248.) He was sentenced to one concurrent year for misdemeanor driving under the influence. (Id.)

Petitioner filed a timely appeal in the California Court of Appeal, Third Appellate District. On September 3, 2009, the California Court of Appeal affirmed the judgment. (Respondent's Lodged Document ("LD") 7.)

On August 24, 2010, petitioner filed a petition for writ of habeas corpus in the Shasta County Superior Court. (LD 9.) The Superior Court denied the petition in a reasoned decision on September 14, 2010. (LD 10.)

On October 29, 2010, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (LD 11.) On November 4, 2010, the California Court of Appeal denied the petition without comment. (LD 12.)

On November 29, 2010, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 13.) On May 18, 2011, the petition was denied without comment. (LD 14.)

Petitioner filed the instant petition on June 10, 2011. (Dkt. No. 1.)

III. Facts[1]

The opinion of the California Court of Appeal contains a factual summary of petitioner's offenses.

////

---

[1] The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. Pierce, No. C059501 (September 3, 2009), a copy of which was lodged by Respondent as LD 7 on September 14, 2011.

BACKGROUND

On January 27, 2008, a police officer conducted a traffic stop of a vehicle driven by [petitioner]. The officer smelled alcohol on [petitioner's] breath. [Petitioner] initially refused to perform any field sobriety tests. Upon learning [petitioner] was on parole and searching [petitioner], the officer found two California Identification cards and three Social Security cards belonging to victims whose car was stolen on January 6, 2008. More than an hour after the initial stop, [petitioner] agreed to a breath test, which revealed a blood alcohol level of .072.

In May 2008, a jury found [petitioner] guilty of receiving stolen property (§ 496, subd. (a)) and driving under the influence of alcohol (Veh.Code, § 23152, subd. (a)).

[Petitioner] waived jury trial on the allegations that he had three prior prison terms (§ 667.5, subd. (b)) and two prior convictions for driving under the influence (Veh.Code, § 23540). The trial court found true the first two prior prison term allegations, but not the third. The court found true both prior DUI convictions.

On July 18, 2008, the trial court sentenced [petitioner] to five years in prison as follows: The upper term of three years for the property crime, plus two consecutive one-year enhancements (§ 667.5, subd. (b)); and a one-year concurrent term for the DUI.

(People v. Pierce, slip op. at 1-2.)

IV. Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

////

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citation omitted).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") (internal citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). If there is no reasoned decision, "and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington, 131 S. Ct. at 784-85. That presumption may be

////

overcome by a showing that "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal court conducts an independent review of the record. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct. at 784. "[A] habeas court must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786.

V. Petitioner's Claims

    A. Alleged Sentencing Error

Petitioner claims the trial court violated petitioner's right to a jury trial as articulated in Cunningham v. California, 549 U.S. 270, 278-79 (2007), by imposing an upper term sentence based on facts not found true by a jury or admitted by petitioner. Petitioner also argues that in addition to imposing the three year sentence for possessing stolen property based on petitioner's prior criminal history, the court imposed two one-year sentencing enhancements based on petitioner's prior prison terms.

Respondent contends the state court's rejection of this sentencing claim was not an unreasonable application of United States Supreme Court precedent.

The last reasoned rejection of this claim is the decision of the Shasta County Superior Court. The state court addressed this claim as follows:

////

> Petitioner first claims the trial judge illegally imposed an upper term sentence in violation of *Cunningham, Blakely* and *Apprendi*, cases that struck down California's Determinate Sentencing Law. However, on March 30, 2007, the California Legislature passed Senate Bill 40 which allowed California's sentencing law to comply with the decision in *Cunningham*. SB 40 amended California Penal Code Section 1170 so that: (1) the middle term is no longer the presumptive term absent aggravating or mitigating facts found by the trial judge; and (2) a trial judge has the discretion to impose an upper, middle, or lower term based on reasons he or she states. As amended, § 1170 now provides as pertinent: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court. . . . The court shall select the term which, in the court's discretion, best serves the interests of justice. The court shall set forth on the record the reasons for imposing the term selected." (§ 1170, subd. (b); *People v. Wilson* (2008) 164 Cal.App.4th 988, at p. 992.) Petitioner does not contend the judge did not set forth appropriate reasons for imposing the upper term. Petitioner's claim is without merit.

(Dkt. No. 13-1 at 11.)

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that, regardless of its label as a "sentencing factor," any fact, other than the fact of a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. The Court later held that the "statutory maximum" for Apprendi purposes "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington, 542 U.S. 296, 303 (2004).

Under California's sentencing law, three terms of imprisonment are specified for most offenses: a low term, a middle term, and an upper term. Cal. Penal Code § 1170(b). Until March 29, 2007, California law required a sentencing court to impose the middle term unless there were circumstances in aggravation or mitigation. See Cunningham v. California, 549 U.S. 270, 278-79 (2007).

In Cunningham, the Supreme Court found that the presumptive middle term, not the upper term, was the "relevant statutory maximum" for purposes of Apprendi. Cunningham, 549 U.S. at 288. The Court held that because California law authorized the trial judge, rather

than the jury, to find the facts permitting the imposition of an upper term sentence, the sentencing scheme violated the Sixth Amendment. Id. at 293.

In response to Cunningham, the California Legislature amended the state's Determinate Sentencing Law such that imposition of an aggravated term is now discretionary and does not depend on the finding of any aggravating factors. Cal. Penal Code § 1170(b) (2007); Butler v. Curry, 528 F.3d 624, 652 n.20 (9th Cir. 2008) (acknowledging amendment). Under the amended statute, "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." Cal. Penal Code § 1170(b). The amended statute took effect on March 30, 2007. See Cal. Stats. 2007, ch. 3, § 7. Therefore, after March 30, 2007, a trial court still exercises its discretion in choosing the upper, middle or lower terms, but no additional fact finding is required to impose the term. See Butler, 528 F.3d at 652 n.20 ("Imposition of the lower, middle or upper term is now discretionary and does not depend on the finding of any aggravating factors").

Petitioner was sentenced on July 18, 2008, more than a year after the amendment of § 1170(b) took effect. (LD 8.) Pursuant to the revised statute, neither a jury determination nor an admission by petitioner was required in order to impose an aggravated sentence. Rather, the decision to impose an upper term sentence was within the sound discretion of the trial court. Cal. Penal Code § 1170(b). Because the upper term at the time of petitioner's sentencing was the "statutory maximum" within the meaning of Cunningham, the trial court was permitted to rely on facts in addition to those found by the jury in the exercise of its discretion. See United States v. Booker, 543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."). The record reflects that the trial judge imposed the upper term sentence on count one based on the fact that petitioner was on parole when arrested; petitioner sustained three adult felony theft charges relative to automobiles, and two separate felony thefts; and petitioner "suffered many sustained petitions as a juvenile and numerous theft

related convictions as an adult." (Reporter's Transcript ("RT") 278-79.) The trial court also did not find any mitigating factors. (RT 279.) Therefore, petitioner cannot show the imposition of the upper term sentence violated his right to a jury trial.

In addition, petitioner argues the trial court violated the California Penal Code § 1170(b) ban against dual use of facts to impose an upper term on count one and the attendant prior prison term enhancements.

The Superior Court did not address this claim, although petitioner included the dual use of facts argument in the Superior Court petition (LD 9), as well as the petition filed in the California Supreme Court (LD 13).

Habeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by either a state trial court or a state appellate court. Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993). So long as a state sentence 'is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." Makal v. State of Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976). The Ninth Circuit has specifically refused to consider state law errors in the application of state sentencing law. See, e.g., Miller v. Vasquez, 868 F.2d 1116 (9th Cir. 1989) (finding that the determination whether a prior conviction qualifies for a sentence enhancement under California law is not a cognizable federal claim). In Estelle v. McGuire, 502 U.S. at 62, the Supreme Court reiterated the standard of review for a federal habeas court. It held that "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Id. at 65. The Court emphasized that "federal habeas corpus relief does not lie for error in state law." Id. (citations omitted). The court further noted that the standard of review for a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States (citations omitted)." Estelle, 502 U.S. at 67.

////

In the instant petition, petitioner's allegation that the trial court violated California's statutory prohibition on the dual use of facts does not present a federal question. See 28 U.S.C. § 2254(a); see also Estelle, 502 U.S. at 67-68. Therefore, petitioner is not entitled to habeas relief on this claim.

But even assuming, arguendo, this court could reach this claim, the record reflects that the trial court did not rely solely upon petitioner's prior prison terms in selecting the upper term under California Penal Code § 1170(b).[2] As noted above, the trial court imposed the upper term sentence based on, inter alia, many juvenile petitions and the fact that petitioner was on parole when arrested. (RT 278-79.) In any event, under California law, "only one aggravating factor is necessary to authorize an upper term sentence." Butler, 528 F.3d at 641 (citation omitted); see also Sudduth v. Almager, 2008 WL 2037288, at *5-6 (C.D. Cal. May 8, 2008) (use of prior prison term both as enhancement and to support upper term sentence harmless, where sentencing court also relied on petitioner's criminal history and unsatisfactory performance on parole, and petitioner submitted no mitigating evidence). Because the trial court recited more than one factor to support the decision to impose the upper term, separate from petitioner's two prior prison terms, the trial court did not abuse its discretion or violate the dual use proscription of California Penal Code § 1170(b). Petitioner's claim is therefore unavailing.

////
////

---

[2] Rule 4.420(c) of the California Rules of Court provides that

> To comply with section 1170(b), a fact charged and found as an enhancement may be used as a reason for imposing the upper term only if the court has discretion to strike the punishment for the enhancement and does so. The use of a fact of an enhancement to impose the upper term of imprisonment is an adequate reason for striking the additional term of imprisonment, regardless of the effect on the total term.

Cal. R. Ct. 4.420(c).

Accordingly, the state court's rejection of petitioner's first claim for relief was neither contrary to, nor an unreasonable application of, controlling principles of United States Supreme Court precedent. Therefore, petitioner's first claim for relief should be denied.

B. Alleged Ineffective Assistance of Appellate Counsel

Petitioner claims appellate counsel rendered ineffective assistance of counsel because counsel refused to include on appeal petitioner's claims challenging his sentence.

The last reasoned rejection of this claim is the decision of the Shasta County Superior Court. The state court addressed this claim as follows:

> Petitioner also claims ineffective assistance of counsel based on trial and appellate counsel's failure to object to the upper term sentence pursuant to *Cunningham*. However, since petitioner's initial claim has no legal basis, counsel's failure to object cannot be characterized as ineffective. Clearly, petitioner's counsel was aware of SB 40 in that, according to petitioner, appellate counsel told petitioner his sentencing argument ". . . held no merit (sic)."

(Dkt. No. 13-1 at 11.)

The Sixth Amendment guarantees the effective assistance of counsel. To establish that trial counsel's representation failed to meet Sixth Amendment standards, petitioner must show (1) counsel's performance fell below an objective standard of reasonableness, and (2) prejudice. Strickland v. Washington, 466 U.S. 668 (1984). Trial counsel has a duty "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. at 691. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

The Strickland standards apply to appellate counsel as well as trial counsel. Smith v. Murray, 477 U.S. 527, 535-36 (1986); Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989). However, an indigent defendant "does not have a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751

1  (1983).  Counsel "must be allowed to decide what issues are to be pressed."  Id.  Otherwise, the
2  ability of counsel to present the client's case in accord with counsel's professional evaluation
3  would be "seriously undermined."  Id.  There is no obligation to raise meritless arguments on a
4  client's behalf.  See Strickland, 466 U.S. at 687-88 (requiring showing of deficient performance
5  and prejudice).  In order to demonstrate prejudice here, petitioner must demonstrate that, but for
6  counsel's errors, he probably would have prevailed on appeal.  Miller, 882 F.2d at 1434, n.9.

As discussed in the previous section, the undersigned concludes that the sentence imposed did not violate petitioner's right to jury trial.  Thus, petitioner cannot demonstrate he was prejudiced by appellate counsel's failure to challenge the sentence imposed.  Accordingly, the state court's rejection of petitioner's second claim for relief was neither contrary to, nor an unreasonable application of, controlling principles of United States Supreme Court precedent.  Therefore, petitioner's second claim for relief should also be denied.

## VI.  Conclusion

For all of the above reasons, the undersigned denies petitioner's application for a writ of habeas corpus.

Before petitioner can appeal this decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

For the reasons set forth above, the undersigned finds that petitioner has not made a showing of a substantial showing of the denial of a constitutional right.

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a petition for writ of habeas corpus is denied; and

2. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: October 24, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pier1635.157